UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD ANDERSON,

                Plaintiff,

CASE NO. 2:11-CV-15297
JUDGE STEPHEN J. MURPHY, III
MAGISTRATE JUDGE PAUL J. KOMIVES

v.

ENTERPRISE RECOVERY
SYSTEMS, INC.,

                Defendant,
_____/

**ORDER GRANTING IN PART PLAINTIFF'S AUGUST 1, 2012 MOTION TO COMPEL SECOND DEPOSITION OF DEFENDANT'S REPRESENTATIVE, AND SANCTIONS FOR ABUSE OF DISCOVERY (Doc. Ent. 18) and GRANTING IN PART ERS'S AUGUST 7, 2012 MOTION TO COMPEL PLAINTIFF'S DEPOSITION, EXTEND DISCOVERY, AND FOR SANCTIONS (Doc. Ent. 21)**

**A.**     **Background**

Plaintiff Edward Anderson filed this case against defendant Enterprise Recovery Systems, Inc. (ERS) on December 2, 2011, alleging violations of (I) the Fair Debt Collection Practices Act (FDCPA); (II) the Michigan Occupational Code (MOC); and (III) the Michigan Collection Practices Act (MCPA).  Doc. Ent. 1.  ERS answered the complaint on February 1, 2012.  Doc. Ent. 6.

Pursuant to the Court's March 15, 2012 scheduling order, discovery was to conclude by June 15, 2012.  Doc. Ent. 12.  However, on May 28, 2012, Judge Murphy entered a stipulated scheduling order, whereby the discovery deadline was extended to August 14, 2012.  Doc. Ent. 13.

**B.**     **The Instant Motion**

Currently before the Court are plaintiff's August 1, 2012 motion to compel second deposition of defendant's representative, and sanctions for abuse of discovery (Doc. Ent. 18) and ERS's August 7, 2012 motion to compel plaintiff's deposition, extend discovery, and for sanctions (Doc. Ent. 21).  The parties have filed responses to each motion.  Doc. Entries 22 and 25.

Judge Murphy referred each of these motions to me for hearing and determination.  Doc. Entries 19 and 24.  Each of the motions was noticed for a September 4, 2012 hearing.  Doc. Entries 20 and 23.  On the date set for hearing, attorneys Travis Shackelford and Charity A. Olson appeared.

**C.    Discussion**

**1.**    Plaintiff requests an order (a) compelling ERS to produce its corporate representative for a second deposition, *duces tecum*, within fourteen (14) days; (b) awarding plaintiff fees and costs associated with his motion; and (c) awarding plaintiff fees and costs associated with the second deposition of defendant's representative.  Doc. Ent. 18 at 2.

ERS responds that it "has already agreed to re-produce ERS's designated corporate representative to answer questions regarding the audio files[.]"  Doc. Ent. 25 at 3-4.  Additionally, ERS argues that plaintiff is not entitled to an award of fees and costs.  Doc. Ent. 25 at 5-6.

On September 4, 2012, in lieu of conducting a hearing, I spoke with counsel for the parties off the record.  Consistent with that discussion, ERS will produce its Fed. R. Civ. P. 30(b)(6) witness for deposition in Michigan, and the date of such deposition shall be agreed upon by counsel for the parties.

**2.** In its motion, ERS requests an order (a) compelling plaintiff's deposition in this jurisdiction; (b) extending discovery; and (c) "awarding sanctions against Plaintiff and/or his counsel for refusing to produce Plaintiff for such deposition as contemplated by the court rules." Doc. Ent. 21 at 1.

Plaintiff responds that he should not be required to appear for his deposition in Michigan, Doc. Ent. 22 at 10-12; the Court should not extend discovery, Doc. Ent. 22 at 12-13; and the Court should not impose sanctions on him, Doc. Ent. 22 at 14.

On September 4, 2012, in lieu of conducting a hearing, I spoke with counsel for the parties off the record. Consistent with that discussion, plaintiff will appear for his deposition in Michigan, and the date of such deposition shall be agreed upon by counsel for the parties.

**D.    Order**

Accordingly, plaintiff's August 1, 2012 motion to compel second deposition of defendant's representative, and sanctions for abuse of discovery (Doc. Ent. 18) is GRANTED IN PART.

Furthermore, ERS's August 7, 2012 motion to compel plaintiff's deposition, extend discovery, and for sanctions (Doc. Ent. 21) is GRANTED IN PART.

Also, any application for an extension of the dispositive motion deadline SHALL be made directly to Judge Murphy.

Finally, within ten (10) days of the completion of both of these depositions, the parties may apply to the Court for any fees and costs sought in the aforementioned motion papers by way of sending a letter to my chambers, with a copy to opposing counsel. Any such application shall detail (a) the costs for which the parties are seeking reimbursement and (b) the details

supporting any request for reimbursement of attorney fees, including the hours spent, the identity of the attorney performing the work, his or her hourly billing rate, and a description of the work performed.

Opposing counsel will have five (5) business days within which to respond. Thereafter, the Court will enter an order as to the amount of costs and attorney fees for which the parties must reimburse each other, if any.

IT IS SO ORDERED.

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).


Dated: September 4, 2012            s/ Paul J. Komives
                                    PAUL J. KOMIVES
                                    UNITED STATES MAGISTRATE JUDGE